IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFSHIN A.N., <br><br>       Petitioner, <br><br>    vs. <br><br> CHRISTOPHER CHESTNUT, *et al.*, <br><br>       Respondents. | Civil No. 1:26-cv-03813-MWJS <br> ORDER GRANTING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS <br><br> A# 094-572-774 |

## ORDER GRANTING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Afshin A.N.[1] is an immigration detainee proceeding with a first

amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 9.

Fleeing persecution in Iran, Petitioner entered the United States as a refugee at

the age of ten.  *Id.* at pg. 2; Dkt. No. 11-1, at pg. 2.  He was granted lawful permanent

resident status in 2006.  Dkt. No. 9, at pg. 2; Dkt. No. 11-1, at pg. 2.  After Petitioner was

convicted of several crimes, the Department of Homeland Security commenced removal

proceedings against him under 8 U.S.C. § 1229a, and, on June 8, 2015, an immigration

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

judge ordered his removal.  *See* Dkt. No. 11-2, at pg. 3.  It is unclear why the final order of removal was not effectuated.

On September 4, 2015, an immigration judge ordered Petitioner's release under an order of supervision.  Dkt. No. 11-3, at pg. 1.  More than ten years later, U.S. Immigration and Customs Enforcement revoked the order of supervision "due to a final travel document being secured and removal flight booked."  Dkt. No. 11-4, at pg. 1.  On February 15, 2026, ICE officers arrested Petitioner, and he has been detained since. Dkt. No. 9, at pg. 2.

Initially, ICE officers told Petitioner that a travel document would be secured to effectuate his removal to Iran in one or two months.  *Id.*  Then, during an April 23, 2026, meeting, ICE officers told Petitioner that Iran was not responding to their requests, but efforts to secure a travel document were ongoing.  *Id.*  ICE officers also told Petitioner that they could not find any other countries that would accept him.  *Id.*  Petitioner has not received any updates since that April 23 meeting.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his re-arrest and re-detention, without any pre-deprivation process, was unlawful.  Dkt. No. 9, at pgs. 15–17.

Many other judges have granted relief in analogous cases.  *See, e.g.*, *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157 (E.D. Cal. 2025); *Singh v. Warden of Golden State Annex Facility*, No. 1:26-cv-01775 JLT CDB, 2026 WL 1399248 (E.D. Cal. May 19, 2026); *Duong v.*

*Warden*, No. 1:26-cv-0696-DC-JDP, 2026 WL 1224168 (E.D. Cal. May 5, 2026), *report and recommendation adopted*, No. 1:26-cv-00696-DC-JDP (HC), 2026 WL 1374745 (E.D. Cal. May 15, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any material factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from cases like those cited above."  Dkt. No. 10.  The court appreciates Respondents' timely and candid response.  Dkt. No. 11.

Although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(6), they have not meaningfully distinguished this case from those cited above or others in which relief has been granted to similarly situated petitioners. Indeed, Respondents make no effort to "distinguish the facts of this case from the cases cited in the [c]ourt's minute order.  *Id.* at pg. 1.

Given the lack of any material factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the first amended petition for a writ of habeas corpus, Dkt. No. 9, is GRANTED to the extent Petitioner argues in Count 3 that his re-arrest and re-detention were unlawful.

Respondents are ORDERED to immediately release Petitioner Afshin A.N. (A# 094-572-774) from their custody under the conditions of his most recent order of supervision.  Respondents are ENJOINED from re-arresting or re-detaining Petitioner absent compliance with all applicable constitutional, statutory, and regulatory procedures—including those described in 8 C.F.R. §§ 241.4, 241.13.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

 IT IS SO ORDERED.

DATED:  June 15, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03813-MWJS; *Ashfin A.N. v. Christopher Chestnut*, et al.; ORDER GRANTING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS